# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHAKIRA STATEN, Individually and** : | |
| **SHAKIRA STATEN, natural mother of** : | |
| **SAMIYAH STATEN, a minor,** : | |
| : | |
| **PLAINTIFFS** : | |
| : | |
| V. : | |
| : | |
| **LACKAWANNA COUNTY,** : | |
| **LACKAWANNA COUNTY PRISON,** : | |
| **WARDEN JANINE DONATE,** : | 4: CV- 07-1329 |
| **CORRECTIONS OFFICER JOHN DOE,** : | |
| **CORRECTIONS OFFICER JANE DOE,** : | (Judge McClure) |
| **ONE,** : | |
| **CORRECTION OFFICER JANE DOE,** : | |
| **TWO,** : | |
| **CORRECTIONS CARE, INC.,** : | |
| **DR. EDWARD ZALOGA, and** : | |
| **NURSE JANE DOE,** : | |
| : | |
| **DEFENDANTS** : | |

## JOINT CASE MANAGEMENT PLAN

1. Principal Issues

1.10 Separately, for each party, please give a statement summarizing this case:

By Plaintiff:

The Plaintiff, SHAKIRA STATEN, was placed at the Lackawanna County Prison by the United States Marshall's Services, having been taken into custody on Federal Charges. The Plaintiff, SHAKIRA STATEN, entered the Lackawanna County Prison on April 25, 2007. At the time the Plaintiff, SHAKIRA STATEN, entered the Lackawanna County Prison she was pregnant. The officials of the Lackawanna County Prison were aware of the fact that the Plaintiff, SHAKIRA STATEN, was pregnant at the time and the officials of the Lackawanna

County Prison agreed to accept the Plaintiff, SHAKIRA STATEN, as an inmate to be housed under a contract with the United States Marshall's Services.

At the time the Plaintiff, SHAKIRA STATEN, entered the Lackawanna County Prison, medical services at the prison were being performed by the Defendant, CORRECTIONAL CARE, INC. and the Defendant, DR. EDWARD ZALOGA, was the medical director of Correctional Care, Inc. and the Lackawanna County Prison.

The Plaintiff, SHAKIRA STATEN, was approximately six (6) months pregnant at the time she entered the Lackawanna County Prison. A medical screening was performed upon her arrival at the Lackawanna County Prison, but only consisted of the obtaining of a medical history; the Plaintiff, SHAKIRA STATEN, in the history advised the medical staff that she was a high risk pregnancy. There was no physical examination conducted by the medical staff at the Lackawanna County Prison. The Plaintiff, SHAKIRA STATEN, remained in medical for one (1) day and was then placed in general population.

The Plaintiff, SHAKIRA STATEN, was later sent by the officials of the Lackawanna County Prison to the Community Medical Center for prenatal care. There were various examinations were performed and tests run on the Plaintiff, SHAKIRA STATEN, as part of the prenatal care and the evaluations confirmed that the Plaintiff, SHAKIRA STATEN, was a high risk pregnancy. Beginning on or about June 13, 2007, the Plaintiff, SHAKIRA STATEN, was taken for NST testing twice per week to monitor progress of the pregnancy. The Lackawanna County Prison and the medical staff all should have known the progress of the pregnancy and due date.

The Plaintiffs have not raised any issue as to the care at the Lackawanna County Prison from late April until July 9th.

In the late night hours of July 9, 2007 and/or the early morning hours of July 10, 2007, the Plaintiff, SHAKIRA STATEN, began to experience cramping which she thought was labor pains. The Plaintiff, SHAKIRA STATEN, then advised one of the corrections officers in the area of the cramping/pain and the Plaintiff, SHAKIRA STATEN, was taken to the medical unit at the Lackawanna County Prison.

The Plaintiff, SHAKIRA STATEN, upon arrival at the medical unit of the Lackawanna County Prison was seen by a nurse by the name of Dale Turner, R.N. Ms. Turner (identified in the Complaint as Nurse Jane Doe) felt the stomach of the Plaintiff, SHAKIRA STATEN, and then took her blood pressure; there was no physical examination performed. The Plaintiff, SHAKIRA STATEN, remained in medical for a period of time during which time a corrections officer per instruction from the nurse timed and documented the contractions. The Plaintiff, SHAKIRA STATEN, believes that the timing and documentation of contractions lasted approximately one (1) hour. There then came a point in time that the nurse on duty, Dale Turner, R.N., sent the Plaintiff, SHAKIRA STATEN, to a camera cell where she was to be observed and monitored. Ms. Turner advised the Plaintiff, SHAKIRA STATEN, that she did not believe that she was in labor since the "contractions were not consistent enough."

While in medical and after being sent to the camera cell, the Plaintiff, SHAKIRA STATEN, continuously pleaded to be taken to the hospital. On two (2) occasions, the Plaintiff, SHAKIRA STATEN, threw wet toilet paper on the camera lens to get attention, but the guards simply had the same removed and told the Plaintiff to remain in the cell. The Plaintiff, SHAKIRA STATEN, also had her water break and was still ignored. Despite the pleas, the Plaintiff, SHAKIRA STATEN, was not taken to the hospital until after the birth of her child.

At approximately 4:00 a.m., the Plaintiff, SHAKIRA STATEN, gave birth to the Minor Plaintiff, SAMIYAH STATEN, in the cell at the Lackawanna County Prison with no one else in the room with her. The prison guards and nurse entered the cell after the baby was born.

Dale Turner, R.N. never went to the camera cell to check on the Plaintiff from when she sent her to the camera cell until the baby was born.

There is also an issue as to whether there was any type of policy in place at the time of the incident.

By Lackawanna County Defendants:

In the late evening hours of July 9, 2007, into the early morning hours of July 10, 2007, Shakira Staten began to complain to correctional personnel that she was experiencing cramping. The correctional staff notified Dale Turner of Correctional Care, Inc. At the direct of the medical staff, Staten was moved to a camera cell. As correctional officers are trained to permit the medical staff on duty to make decisions and manage the care of an inmate, the decision as to whether Staten should be hospitalized was left with Correctional Care, Inc. The correctional officers who were monitoring Staten while she was in the camera cell checked her frequently and attempted to keep her comfortable while Correctional Care was responsible for the determination as to whether Staten should be taken to the hospital. Staten did give birth to healthy baby boy in the prison in the early morning hours of July 10, 2007.

By Defendants Correctional Care, Inc., Zaloga and Nurse Doe:

On July 10, 2007, while incarcerated in the Lackawanna County Prison, Plaintiff gave birth in a jail cell. Plaintiff alleges that her civil rights were violated. Correctional Care, Inc. ("CCI") was the company providing medical services to the prison. It is owned by Edward J. Zaloga. Dale Turner, R.N.

was an employee of CCI and was on duty at the time of the birth. Dr. Zaloga, Nurse Turner and CCI (hereinafter referred to as "CCI Defendants") deny that they violated the Plaintiff's civil rights.

The principal factual issues that the parties dispute are:

    1.11   Was there a policy in place concerning the handling of pregnant inmates?

    1.12   If there was a policy, was it sufficient?

    1.13   Did the nurse, Dale Turner, R.N., ignore the medical needs of the Plaintiffs?

    1.14   Did the correctional officers ignore the medical needs of the Plaintiffs?

    1.15   What injuries did the Plaintiffs sustain?

    1.16   Do the Plaintiffs continue to suffer from the alleged injuries?

    1.17   How long was Plaintiff in labor?

    1.18   When was Nurse Turner advised that Plaintiff's water broke?

    1.19   What is "labor?"

agree are:

    1.20   Plaintiff, SHAKIRA STATEN, was placed at the Lackawanna County Prison on April 25, 2007.

    1.21   Plaintiff, SHAKIRA STATEN, was pregnant at the time she was placed at the Lackawanna County Prison.

    1.22   The Lackawanna County Prison agreed to accept the Plaintiff, SHAKIRA STATEN, knowing she was pregnant.

    1.23   The Plaintiff, SHAKIRA STATEN, was placed at the Lackawanna County Prison under a contract with the United States Marshall's Service.

    1.24   At the time of the incident, medical services at the Lackawanna County Prison were being performed by the Defendant, Correctional Care, Inc.

    1.25   At the time of the incident, Dr. Edward Zaloga, was tPresident and Chief Medical Officer of Correctional Care, Inc.

    1.26   Plaintiff, SHAKIRA STATEN, gave birth to the minor Plaintiff at the Lackawanna County Prison in a cell.

    1.27    CCI employed Dale Turner, R.N.

1.30    The principal <u>legal</u> issues that the parties <u>dispute</u> are:

    1.31    Did the Defendants fail to provide adequate medical care?

    1.32    Did the actions of the Defendants evidence a deliberate indifference to the Plaintiffs' medical conditions in violation of the 8th Amendment?

    1.33    Damages recoverable if there was a violation of the 8th Amendment?

    1.34    Are the Plaintiffs entitled to punitive damages and if so, what damages are recoverable?

    1.35    Has the Plaintiff's Complaint set forth a cause of action upon which relief can be granted for the Plaintiff mother?

    1.36    Does the Plaintiff's Complaint set forth a cause of action upon which relief can be granted for the minor Plaintiff?

    1.37    Were Plaintiff's civil rights violated under 42 U.S.C. §1983?

    1.38    Does Plaintiff's Complaint set forth a cause of action upon which relief can be granted against Dr. Zaloga?

    1.39    Does Plaintiff's Complaint set forth a cause of action upon which relief can be granted against CCI?

    1.40    Does Plaintiff's Complaint set forth a cause of action upon which relief can be granted against Nurse Turner?

    1.41    Did the incidents at the Lackawanna County Prison cause physical or psychological injuries to either the mother or the minor?

    1.42    Are the CCI Defendants entitled to any protection under the Political Sub-Division Tort Claims Act?

    1.43    Does the Plaintiff's Complaint set forth a cause of action for professional liability against the CCI Defendant?

agree are:

    1.45   None.

1.50   Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

    None.

1.60   Identify any named parties that have not yet been served:

    The CCI Defendants

1.70   Identify any additional parties that:

plaintiff intends to join:

    None.

Lackawanna County defendants intends to join:

    None.

Defendants Correctional Care, Inc., Zaloga and Nurse Doe intend to join:

    None.

1.80   Identify any additional claims that:

plaintiff intends to add:

    None.

Lackawanna County defendants intend to add:

    Counterclaim and/or Crossclaim pursuant to F.R.C.P. 13

Defendants Correctional Care, Inc., Zaloga and Nurse Doe intend to add:

    Counterclaim and/or Crossclaim pursuant to F.R.C.P. 13

**2.0   Alternative Dispute Resolution ("ADR")**

All parties are willing to participate in the Federal Mediation Program.

2.10 Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR procedure   None.

Date ADR to be commenced _____

Date ADR to be completed _____

2.20 If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

2.30 If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

**3.0   Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. §636(c), to have a magistrate judge handle all the remaining pretrial aspects of this case and preside over a jury or court trial, with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: __ yes _X_ no

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

    ___Scranton
    ___Wilkes Barre
    ___Harrisburg

**4.0   Disclosures**

4.100 Separately for each party, list by <u>name and title/position</u> each person whose identity     has been disclosed.

4.101 Disclosed by <u>Plaintiff:</u>

| Name | Title/Position |
|---|---|
| 4.102 | Shakira Staten - Plaintiff |
| 4.103 | Nieema Mann - Inmate |
| 4.104 | Danielle McDermott - Inmate |
| 4.105 | Janet Barrasse- Inmate |

4.151 Disclosed by <u>Lackawanna County Defendants:</u>

| Name | Title/Position |
|---|---|
| 4.152 Tammy Miller | Correctional Officer |
| 4.153 Cynthia David | Correctional Officer |
| 4.154 Debbie Schevick | Correctional Officer |
| 4.155 Tim Ferrone | Shift Commander |
| 4.156 Janine Donate | Warden |
| 4.157 Joseph Maloney | Deputy Warden |

4.181 Disclosed by <u>Defendants Correctional Care, Inc., Zaloga and Nurse Doe</u>:

    4.182  Dale Turner, R.N.
    4.183  Edward Zaloga, D.O.
    4.184  Warden Janine Donate
    4.185  Nurse Practitioner Tony Ianuzzi
    4.186  All Correctional Officers working at the time of the incident or who have generated incident reports.

4.200 Separately for each party, describe by <u>categories</u> the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages:

    4.201 Categories of documents disclosed by <u>Plaintiff</u>:

        4.202 Statements

            A.    Nieema Mann
            B.    Danielle McDermott

4.203 Newspaper articles
    A.    7/14/07    Scranton Times
    B.    7/17/07    Scranton Times
    C.    7/18/07    Scranton Times
    D.    7/19/07    Scranton Times (3 articles)
    E.    7/19/07    Electric City
    F.    7/20/07    Scranton Times (3 articles)
    G.    7/21/07    Scranton Times
    H.    7/22/07    Scranton Times (3 articles)
    I.    7/24/07    Scranton Times (2 articles)
    J.    7/26/07    Scranton Times (2 articles)
    K.    7/27/07    Scranton Times
    L.    7/28/07    Scranton Times
    M.    7/29/07    Scranton Times
    N.    8/03/07    Scranton Times
    O.    8/07/03    Scranton Times
    P.    8/08/07    Scranton Times (2 articles)
    Q.    8/16/07    Scranton Times
    R.    8/17/07    Scranton Times (2 articles)
    S.    8/18/07    Scranton Times
    T.    8/21/07    Scranton Times
    U.    8/22/07    Scranton Times (4 articles)
    V.    8/23/07    Scranton Times (2 articles)

4.204 Portions of records released by the Lackawanna County Prison Board to the Public

    A.    Correctional Care Inc. Timeline (2 pages)
    B.    Medical Notes which appear to be from Nurses of Correctional Care, Inc. (5 pages)
    C.    Lackawanna County Prison Incident Report bearing date of 7/10/07 and time of 12:25 a.m. (2 pages)
    D.    Lackawanna County Prison Incident Report bearing date of 7/10/07 and time of 0359 hours (1 page)
    E.    Written note from nurse mid-wife bearing date of 7/14/07 (2 pages)
    F.    Lackawanna County Prison Incident Report bearing date of 7/10/07 and time of approx. 2:00 a.m. to 4:00 a.m. (1 page)
    G.    Lackawanna County Prison Incident Report bearing date of 7/10/07 and time of approx. 2:00 a.m. (1 page)
    H.    Lackawanna County Prison Incident Report bearing date of 7/10/07 and time of 0130 hours (3 pages)
    I.    Lackawanna County Prison Incident Report bearing date of 7/10/07 and time of 0400 hours (3 pages)
    J.    Lackawanna County Prison Incident Report bearing date of 7/10/07 and time of 0405 hours (1 page)

K. Lackawanna County Prison Incident Report bearing date of 7/10/07 and time of 4:05 a.m. (1 page)
L. Lackawanna County Prison Incident Report bearing a date of 7/10/07 and time of 4:05 a.m. (1 page)
M. Lackawanna County Prison Incident Report bearing date of 7/10/07 and time of 4:05 a.m. (1 page)
N. Lackawanna County Prison Incident Report bearing date of 7/10/07 and time of 4:05 hours (1 page)
O. Lackawanna County Prison Incident Report bearing date of 7/18/07 and time of approx. 0900 hours (1 page)
P. Lackawanna County Prison Incident Report bearing date of 7/18/07 and time of approximately 8:30 a.m. (1 page)
Q. Lackawanna County Prison Incident Report bearing date of 7/21/07 and time of 11:00 (1 hour)
R. Lackawanna County Prison Incident Report bearing date of 7/21/07 and time of 11 a.m. (1 page)
S. Written statement of inmate dated 7/21/07 (1 page)
T. Written statement dated 7/21/07 (1 page)
U. Practice Guidelines Pregnant Patients (1 page)
V. Lackawanna County Prison Policy& Procedure Document #09.01 (1 page)

4.251 Categories of documents disclosed by <u>Lackawanna County Defendants</u>:

4.252 Incident reports generated by any Lackawanna County Prison employee.
4.253 Investigative reports generated by Lackawanna County Prison.

4.281 Categories of documents disclosed by <u>Defendants Correctional Care, Inc., Zaloga and Nurse Doe</u>:

4.282 Plaintiff's prison medical chart.
4.283 Incident report of Dale Turner, R.N.
4.284 Handwritten statement of Tony Ianuzzi, Nurse Practitioner

4.300 <u>Additional Documents Disclosures</u>: Separately for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents:

4.301 Additional categories of documents  <u>Plaintiff</u>  will disclose:

4.302        Maternal Health Center @CMC records

4.303        Medical records of minor Plaintiff

4.304        Foster care records of minor Plaintiff

11

4.305   Prior psychiatric/psychological records of mother

4.306   Prior family doctor records of mother

4.307   Medical records of the mother for any prior pregnancies/pre-natal care

4.308   Pre-natal records of mother for this pregnancy

4.309   Plaintiff's criminal record for any criminal charges including any prior criminal charges.

4.351 Additional categories of documents <u>Lackawanna County Defendants</u> will disclose:

    4.352  Recordings, Minutes and transcripts of the Prison Board Meetings from this incident to the present.
    4.353  All incident reports generated by any Lackawanna County Prison with no redactions.

4.381  Additional categories of documents Defendants Correctional Care, Inc., Zaloga and Nurse Doe will disclose:

    4.382  CCI and Lackawanna County Prison Contract
    4.383  Policies and Procedures of CCI

4.400 Separately for each party who claims an entitlement to damages or an offset, set forth the computation of the damages or of the offset:

    4.401 <u>Plaintiff's</u> calculation of damages:

The Plaintiffs believe that they are entitled to compensatory damages for violation of their civil rights and punitive damages against the Correctional Care, Inc., Defendants.

    4.402 <u>Lackawanna County Defendant's</u> calculation of offset:

    4.403  <u>Defendants Correctional Care, Inc., Zaloga and Nurse Doe's</u> calculation of offset:

    None.

4.404 Counterclaim/third party claimant's calculation of damages:

Not applicable.

**5.0  Motions**

Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation:

| **Nature of Motion** | **Moving Party** | **Anticipated Filing Date** |
|---|---|---|
| Motion to Dismiss | CCI Defendants | 09/28/07 |
| Motion for Summary Judgment, if necessary | CCI Defendants | |
| Motion for Summary Judgment, if necessary | Lackawanna Cty. Defendant | |
| Motion for Summary Judgment, if necessary | Plaintiffs | |

**6.0  Discovery**

6.100 Briefly describe any discovery that has been completed or is in progress:

By plaintiff:

Rule 26 Disclosure has already been made by the Plaintiffs. Interrogatories and a Request for Production are being prepared for service on both sets of Defendants.

By Lackawanna County defendants:

Disclosure statement pursuant to F.R.C.P. 26(a) in progress; discovery to be sent to all parties.

By Defendants Correctional Care, Inc., Zaloga and Nurse Doe:

Disclosure statement pursuant to F.R.C.P. 26(a) in progress; discovery to be sent to Plaintiff and Lackawanna County Defendants.

6.200 Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

The Plaintiffs will take the deposition of a representative or representatives of the Defendant, Lackawanna County as well as all prison personnel who had contact with Ms. Staten on the night in question, will also take the deposition of Dr. Zaloga, Dale Turner, R.N., and a representative or representatives of Correctional Care, Inc.

It is anticipated that the Defendants will depose any or all of the following to ascertain the facts of the events leading up to and following the incident: Plaintiff, Nurse Turner, Dr. Zaloga, Warden Donate, CO Joseph Aloe, Nurse Practitioner Tony Ianuzzi, CO Cynthia David; CO Debbie Shevchik, Sergeant Joseph Gallagher, CO Sayer, Lieutenant Ferrone, CO James Bevan, CO Lorince, CO Miller, Inmate Jackie Snyder; Inmate Naiemma Mann, Inmate Danielle McDermott, and any COs or other inmates (either past or present) with knowledge of this incident and whose identity has not yet been disclosed.

6.300 Describe any discovery that one or more parties want(s) to conduct but to which another party objects, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

    None.

6.400 Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage of or throughout the litigation:

    None.

6.500 For each of the following discovery tools, recommend the per-party or per-side limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

    6.501 depositions (excluding experts) to be taken by:

        Plaintiff(s):   15                        Lackawanna County Defendants: 15

        CCI Defendants:  15

    6.502 interrogatories to be served by:

        Plaintiff(s):    25        Lackawanna County Defendants: 25

        CCI Defendants:  25

    6.503 document production requests to be served by:

        Plaintiff(s):    25        Lackawanna County Defendants: 25

        CCI Defendants:  25

    6.504 request for admission to be served by:

        Plaintiff(s):    25        Lackawanna County Defendants: 25

        CCI Defendants:  25

6.600 All discovery commenced in time to be completed by:

    September 1, 2008.

6.700 Reports from retained experts due:

    from plaintiff(s):    10/01/08
    from Lackawanna County Defendants:  11/15/08
    from Defendants CCI:  11/15/08

6.800 Supplementations due:  12/15/08

## 7.0    Protective Order

7.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order.

7.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

        Not applicable.

**8.0**   **Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority:

Nicholas Fick, Esquire
310 Spruce Street
Scranton, PA  18503
570-961-3101
(fax) 570-961-3043
Attorney for Plaintiff

Sean P. McDonough, Esquire
75 Glenmaura National Blvd.
Moosic, PA  18507
570-347-1011
(fax) 570-347-7028
Attorney for Lackawanna County Defendants

Maureen E. Kelly, Esquire
Robin B. Snyder, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
401 Adams Avenue, Suite 400
Scranton, PA 18510
(570) 496-4614
(fax)  570-496-0567
Attorney for Defendants Correctional Care, Inc., Zaloga and Nurse Doe

**9.0**   **Scheduling**

  9.1   This case may be appropriate for trial in approximately:

  _____ 240 days from the filing of the complaint.

  _____ 365 days from the filing of the complaint.

  __X__ 570 days from the filing of the complaint.

  9.2   Suggested date for trial:

   02/09

  9.3   Suggested Date for the final Pre-trial Conference:

   01/09

9.4   Final date for joining additional parties:

    Plaintiff(s)  06/08

    Lackawanna County Defendants  06/08

    CCI Defendants   06/08

9.5   Final date for amending pleadings:

    Plaintiff(s) – 06/08

    Lackawanna County Defendants – 06/08

    CCI Defendants – 06/08

9.6   All potentially dispositive motions should be filed by:

    - 09/30/08

**10.0   Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficiency and just resolution of the dispute.

None.

**11.0   Identification of Lead Counsel**

Identify by name, address and telephone number lead counsel for each party:

ATTORNEY FOR PLAINTIFF:

Nicholas Fick, Esquire
310 Spruce Street
Scranton, PA  18503
570-961-3101
(fax) 570-961-3043

ATTORNEY FOR LACKAWANNA COUNTY DEFENDANTS:

Sean P. McDonough, Esquire
75 Glenmaura National Blvd.
Moosic, PA  18507
570-347-1011
(fax) 570-347-7028


ATTORNEY FOR DEFENDANTS CORRECTIONAL CARE, INC., ZALOGA AND NURSE DOE:

Maureen E. Kelly, Esquire
Robin B. Snyder, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
401 Adams Avenue, Suite 400
Scranton, PA 18510
(570) 496-4614
(fax)  570-496-0567