IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAKIRA STATEN, individually :
and SHAKIRA STATEN, natural :
mother of SAMIYAH STATEN, :
a minor, :
: Civil Action No. 4: 07-CV-1329
         Plaintiffs, :
: (Judge McClure)
    v. :
:
LACKAWANNA COUNTY, et. al. :
:
         Defendants :

**M E M O R A N D U M**

January 29, 2008

**BACKGROUND:**

On July 23, 2007, Sharkira Staten, individually and as the natural mother of Samiyah Staten, a minor, initiated this lawsuit by the filing of a complaint pursuant to 42 U.S.C. § 1983 against defendants: 1) Lackawanna County; 2) Lackawanna County Prison; 3) Warden Janin Donate; 4) Corrections Office John Doe; 5) Corrections Officer Jane Doe One; 6) Corrections Officer Jane Doe Two; 7) Correction Care, Inc.; 8) Dr. Edward Zaloga; and 9) Nurse Jane Doe. Plaintiff alleges that the defendants acted with deliberate indifference to the serious medical needs of both herself and her child with respect to the child's birth in a cell at the Lackawanna County Prison.

On September 28, 2007, defendants Zaloga, Corrections Care, and Nurse Jane Doe (collectively "defendants") filed a motion to dismiss. (Rec. Doc. No. 13.) No opposing brief has been filed and the motion is therefore deemed to be unopposed. Rule 7.6 of the Local Rules for the Middle District of Pennsylvania. Now, for the following reasons, we will grant the motion in part and deny it in part.

**DISCUSSION:**

### I. Motion to Dismiss Standard

Although defendants' motion is deemed unopposed due to plaintiff's failure to file an opposition brief, we must nevertheless consider the merits of defendants' motion in order to determine whether plaintiff fails to state a claim upon which relief may be granted. Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (ruling that a motion to dismiss should not be granted simply because it is unopposed).

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In ruling on such a motion, the court primarily considers the

allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. Kost, 1 F.3d at 183. At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000). A complaint should be dismissed only if the court, from evaluating the allegations in the complaint, is certain that under any set of facts relief cannot be granted. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Markowitz v. Northeast Land, Co., 906 F.2d 100, 103 (3d Cir. 1994).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." Id. at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Id. at 327.

## II. Statement of Relevant Allegations

Plaintiff's complaint alleges that in April of 2007, she was taken into custody by federal authorities. (Rec. Doc. No. 1, ¶ 21.) On April 25, 2007,

pursuant to an agreement between defendant Lackawanna County and the United States Government, defendant was placed in the Lackawanna County Prison. (Id. ¶¶ 22-24.) At this time, she was six months pregnant and she advised medical staff that she was a high risk pregnancy. (Id. ¶¶ 27-28.)

On July 8, 2007, plaintiff complained of pressure in her pelvic area and was taken to the medical ward for an evaluation. (Id. ¶ 37.) Medical staff informed her that the pressure she was feeling was normal and placed her back in the general population. (Id. ¶ 38.) Late on July 9, 2007, plaintiff again began experiencing pain and as it persisted, she informed a corrections officer that she thought she was in labor. (Id. ¶¶ 40-42.) The correctional officer took her to the medical ward where she was attended to by defendant Nurse Jane Doe. (Id. ¶ 44.) Nurse Jane Doe felt her stomach, took her blood pressure, and directed the corrections officer to time and document her contractions. (Id. ¶¶ 44, 46.) Plaintiff remained in the medical ward for one hour whereby Nurse Jane Doe advised plaintiff that she did not believe that plaintiff was in labor because her contractions were not consistent enough. (Id. ¶ 50.) Plaintiff replied that she was in labor and requested to be taken to a hospital. (Id. ¶ 53.) Nurse Jane Doe then sent plaintiff to a camera cell where she could be monitored. (Id. ¶¶ 51, 52.)

While in the camera cell, she was observed by defendants Correctional

Officers Jane Doe One, Jane Doe Two, and John Doe (collectively "defendant correctional officers"). (Id. ¶ 55.) She continued to experience pain and pleaded to be taken to the hospital. (Id. ¶ 54.) At some point, her water broke and she informed prison staff. (Id. ¶ 63-64.) Defendant correctional officers ignored her and informed her she would have to stay in the cell. (Id. ¶ 65.) Plaintiff then felt the baby "crown" and went to the door to plead for help. (Id. ¶ 67.) Once at the door, she found that it was open and she crawled into the walkway adjacent to the cell. (Id. ¶ 68.) She was then carried back into the cell by the defendant correctional officers. (Id. ¶ 69.) She advised the defendant correctional officers that the baby had "crowned" but nothing was done. (Id. ¶ 71.) The baby's head began to emerge and still nothing was done. (Id. ¶ 72.) Finally, she stood and pleaded at the cell door and at that time, she gave birth to Samiyah Staten, who fell from plaintiff to the floor of the cell. (Id. ¶ 73.)

The complaint further alleges that defendant Correctional Care is under a contract to provide medical services at the Lackawanna County Prison. (Id. ¶ 15.) It alleges that defendant Zaloga is the owner of Correctional Care, the medical director of the Lackawanna County Prison, and an agent of the county and prison. (Id. ¶¶ 16, 90.) It also alleges that defendant Nurse Jane Doe is an employee of Correctional Care and an agent of the county and prison. (Id. ¶ 89.) Finally, the

complaint alleges that there is no policy put into place by defendants with respect to the handling of pregnant inmates and the birth of children. (Id. ¶¶ 92-93.)

### III. Analysis

Defendants present four arguments why the complaint should be dismissed. First, they argue that the entire complaint should be dismissed for failure to file a certificate of merit as required by the Pennsylvania Rules of Civil Procedure. (Rec. Doc. No. 16, at 2-5.) Second, they argue that the complaint fails to state a claim because plaintiff does not allege that defendants are state actors. (Id. at 5-6.) Third, they argue that the complaint fails to state a claim with respect to defendant Nurse Jane because plaintiff's allegations only amount to negligence, rather than deliberate indifference. (Id. at 6-10.) Finally, defendants argue that defendant Zaloga cannot be held liable on a theory of respondeat superior. (Id. at 10-11.)

#### A. Failure to File a Certificate of Merit

Defendants argue that plaintiff's failure to file a Certificate of Merit as required by the Pennsylvania Rules of Civil Procedure warrants a dismissal. Rule 1042.3 of the Pennsylvania Rules of Civil Procedure states that "[i]n any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the

complaint, a certificate of merit . . ." Furthermore, Rule 1042.6 states that "[t]he prothonotary, on praecipe of the defendant, shall enter a judgment of non pros against the plaintiff for failure to file a certificate of merit within the required time . . ." Finally, the Third Circuit has held that a federal court sitting in diversity should apply a state certificate of merit statute because it is sufficiently substantive and does not conflict with any federal rule or statute.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir.2000) (applying New Jersey's "Affidavit of Merit" statute for malpractice cases to a diversity case).  Similarly, a certificate of merit statute should be applied to federal question cases that contain supplemental negligence claims.  Maruca v. Hynick, Civ. No. 06-689, 2007 WL 675038, at * 2 (M.D.Pa. 2007) (Caputo, J.)

     Pennsylvania's Certificate of Merit rule is inapplicable for several reasons. First, this is not a diversity case and it is not a federal question case that contains a supplemental state law negligence claim.  It is simply a 42 U.S.C. § 1983 case with no supplemental state law claims.  Plaintiff is alleging not that defendant was negligent, but that defendant violated the constitutional rights of plaintiff by acting with deliberate indifference to plaintiff's serious medical needs.  Therefore, Pennsylvania's Certificate of Merit rule, which appears to apply to negligence actions, is inapplicable.  Furthermore, even if the rule could be construed as

extending to an action based on deliberate indifference in violation of the Eighth Amendment, we believe it would be a violation of the Supremacy Clause for either a federal court or a state court to apply such a requirement to a § 1983 case.  Any state legislation that interferes with an Act of Congress violates the Supremacy Clause of the United States Constitution.  U.S. CONST. Art. 6, cl. 2; <u>Rose v. Arkansas State Police</u>, 479 U.S. 1, 4 (1986).  If Pennsylvania's certificate of merit requirement is applied to causes of actions based entirely on federal law, it would indeed interfere with those federal laws, because it would create a barrier to a plaintiff's pursuing his or her rights under the statute.  Therefore, we will not dismiss the complaint based on plaintiff's failure to file a Certificate of Merit.

B.  <u>Does Plaintiff Allege that Defendants are State Actors?</u>

Plaintiff has brought claims under 42 U.S.C. § 1983.  In order for plaintiff to prevail under 42 U.S.C. § 1983 she must establish two elements: 1) that the conduct complained of was committed by a person acting under color of state law; and 2) that the conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.  <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 184 (3d Cir. 1993).

Defendants argue that plaintiff has failed to allege that defendants Zaloga, Nurse Jane Doe, and Correctional Care were acting under color of state law.  (Rec.

Doc. No. 16, at 6.)  This is simply untrue.  Plaintiff has alleged that Correctional Care is under a contract to provide medical services at the Lackawanna County Prison  (Rec. Doc. No. 1, ¶ 15.)  It alleges that defendant Zaloga is the owner of Correctional Care, the medical director of the Lackawanna County Prison, and an agent of the county and prison.  (Id. ¶¶ 16, 90.)  It also alleges that defendant Nurse Jane Doe is an employee of Correctional Care and an agent of the county and prison.  We cannot understand how these allegations do not equate to an allegation that defendants were acting under color of state law.

Finally, it is worth noting that although defendants may not necessarily be employed by the state, this does not preclude a finding that they are state actors.  In West v. Atkins, the Supreme Court ruled that a private physician, who contracted to perform services on a part-time basis to a state prison within the prison confines, acted under color of state law for purposes of a § 1983 claim.  487 U.S. 42, 57 (1988).  Specifically, the Court held that the state was obligated to provide medical care to its prisoners, and it had delegated that function to a private physician, who had voluntarily assumed the contract.  Id. at 56.  This appears to be the exact scenario in the instant case.  Therefore, we reject defendants' argument that plaintiff has not alleged that they acted under color of state law.

C.  Does Plaintiff State a Claim for Deliberate Indifference Against Nurse Doe?

Defendants also argue that plaintiff has failed to allege acts by defendant Nurse Jane Doe sufficient to rise to the level of deliberate indifference to serious medical needs. (Rec. Doc. No 16, at 6-10.) The Eighth Amendment requires prison officials to provide basic medical treatment to those incarcerated. Estelle v. Gamble, 429 U.S. 97, 104 (1976). In order to state an Eighth Amendment medical claim upon which relief may be granted, plaintiff must allege that defendant acted with deliberate indifference to his or her serious medical needs. Id. at 104-05. Deliberate indifference falls somewhere between negligence (carelessness) and actual malice (intent to cause harm). McCabe v. Prison Health Services, 117 F.Supp.2d 443, 450 (E.D.Pa. 1997) (Brody, J.) (citing Farmer v. Brennan, 511 U.S. 824, 836-37 (1994). In fact, the Supreme Court has equated deliberate indifference to recklessness and stated that deliberate indifference is present when a prison official knows of and disregards an excessive risk to inmate health or safety. Farmer, 511 U.S. at 836-37.

Defendants argue that plaintiff has not alleged Nurse Doe was aware of her contractions, pleading for help, or her water breaking. (Rec. Doc. No. 16, at 10.) Yet, this argument completely ignores the fact that plaintiff has alleged that Nurse Doe placed plaintiff in a camera cell in order to monitor her. Based on the allegations, we can assume that Nurse Doe either failed to monitor plaintiff or

observed everything that occurred in the camera cell and failed to act. We believe either of these failures is sufficient to constitute deliberate indifference based on plaintiff's alleged condition prior to entering the camera cell and what is alleged to have occurred in the camera cell. Therefore, we find that plaintiff has sufficiently stated a claim that defendant Nurse Jane Doe acted with deliberate indifference to her serious medical needs.

### D. Does Plaintiff State a Claim Against Defendant Zaloga?

Plaintiff's complaint does not allege that defendant Zaloga was personally involved in failure to treat plaintiff. Rather, plaintiff alleges that defendant Zaloga is the owner of Correctional Care and the medical director of the Lackawanna County Prison. (Rec. Doc. No. 1, ¶ 90.) Furthermore, plaintiff has alleged that Zaloga has not implemented a policy for the handling of pregnant inmates and the birth of children and the failure to establish such a policy constitutes deliberate indifference. (Id. ¶¶ 92-93.) Defendants, on the other hand, argue that plaintiff is attempting to hold Zaloga liable on a theory of respondeat superior, which is not a viable theory in a § 1983 claim. (Rec. Doc. No. 16, at 10-11.)

Defendants are correct that a defendant in a § 1983 claim must have personal involvement in the alleged wrongdoing and that liability cannot be predicated solely on the operation of respondeat superior. Polk County v. Dodson, 454 U.S.

312, 325 (1981) (citation omitted).  Nevertheless, supervisory liability may attach in an Eighth Amendment claim if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were the moving force behind the harm suffered by the plaintiff. Hopkins v. Pusey, 475 F.Supp.2d 479, 483-84 (D.Del. 2007) (citing Sample v. Diecks, 885 F.2d 1099, 1117-118 (3d Cir.1989)) (other citations omitted).

In the instant case, plaintiff has alleged that defendant Zaloga was deliberately indifferent by failing to implement a policy for the handling of pregnant inmates and the birth of children.  We do not believe this is sufficient to rise to the level of deliberate indifference.  Plaintiff has not alleged that defendant Zaloga had implemented a policy of refusing medical treatment to pregnant inmates or inmates that have gone into labor or that defendant Zaloga directed Nurse Doe to ignore plaintiff.  In other words, the alleged constitutional violation appears to have resulted from the deliberate indifference of defendant Nurse Doe and the defendant corrections officers, if anyone, not defendant Zaloga.  Therefore, we believe that plaintiff has not sufficiently stated a claim against defendant Zaloga and will dismiss the complaint with respect to him.

**CONCLUSION:**

Because plaintiff has sufficiently stated an Eighth Amendment claim against defendants Corrections Care and Nurse Jane Doe, we will deny defendants' motion to dismiss to the extent it seeks dismissal of these defendants. With respect to defendant Zaloga, we find that plaintiff has failed to state a claim upon which relief may be granted and will dismiss the complaint with respect to him.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAKIRA STATEN, individually : 
and SHAKIRA STATEN, natural :
mother of SAMIYAH STATEN, :
a minor, :
: Civil Action No. 4: 07-CV-1329
    Plaintiffs, :
: (Judge McClure)
v. :
:
LACKAWANNA COUNTY, et. al. :
:
    Defendants :

**O R D E R**

January 29, 2008

For the reasons set forth in the accompanying memorandum, IT IS ORDERED THAT:

1. Defendants Zaloga, Corrections Care, and Nurse Jane Doe's motion to dismiss is granted in part and denied in part. (Rec. Doc. No. 13.)

2. The complaint is dismissed with respect to defendant Zaloga for failure to state a claim upon which relief may be granted.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge