IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAKIRA STATEN, individually
and SHAKIRA STATEN, natural
mother of SAMIYAH STATEN,
a minor,

        Plaintiffs,

v.

LACKAWANNA COUNTY, et. al.

        Defendants

Civil Action No. 4: 07-CV-1329

(Judge McClure)

**MEMORANDUM**

April 2, 2010

On July 23, 2007, Shakira Staten, individually and as the natural mother of Samiyah Staten, a minor, initiated this lawsuit by the filing of a complaint pursuant to 42 U.S.C. § 1983 against defendants: 1) Lackawanna County; 2) Lackawanna County Prison; 3) Warden Janin Donate; 4) Corrections Office John Doe; 5) Corrections Officer Jane Doe One; 6) Corrections Officer Jane Doe Two; 7) Correction Care, Inc.; 8) Dr. Edward Zaloga[1]; and 9) Nurse Jane Doe. Plaintiff alleges that the defendants acted with deliberate indifference to the serious medical needs of both herself and her child with respect to the child's birth in a cell at the

---

[1]Dr. Zaloga was dismissed as a defendant January 29, 2009.

1

Lackawanna County Prison.

On February 1, 2010, defendant Correctional Care, Inc. filed a motion for summary judgment and a separate statement of material facts. (Rec. Doc. Nos. 70 and 71). It filed a supporting brief February 11, 2010. (Rec. Doc. No. 94). Plaintiff's opposing brief was due February 28, 2010. Neither an opposing brief nor a responsive statement of material facts was filed by plaintiff. Correctional Care, Inc. filed a supplemental motion and brief to its motion for summary judgment asserting that its summary judgment motion should be deemed to be unopposed and granted pursuant to Middle District Local Rule 7.6. (Rec. Doc. Nos. 97 and 98).

On February 1, 2010, defendant Nurse Jane Doe filed a motion for summary judgment, supporting brief and a separate statement of material facts. (Rec. Doc. Nos. 72, 81 and 82). Plaintiff's opposing brief was due February 18, 2009. Neither an opposing brief nor a responsive statement of material facts was filed by plaintiff. Nurse Jane Doe filed a supplemental motion and brief to her motion for summary judgment asserting that her summary judgment motion should be deemed to be unopposed and granted pursuant to Middle District Local Rule 7.6. (Rec. Doc. Nos. 99 and 100).

On February 8, 2010, defendants Lackawanna County, Lackawanna County Prison, Warden Janine Donate, Corrections Officer John Doe, and Correction Officers Jane Doe 1 and 2 filed a motion for summary judgment and a separate statement of material facts. (Rec. Doc. Nos. 91 and 92). They filed a supporting brief on February 22, 2010. (Rec. Doc. No. 96). Plaintiff's opposing brief was due March 11, 2010. Neither an opposing brief nor a responsive statement of material facts was filed by plaintiff.

On February 11, 2010, plaintiff filed a motion to extend time to respond to the motions for summary judgment. (Rec. Doc. No. 103). Both Correctional Care, Inc. and Nurse Jane Doe filed oppositions to the motion. (Rec. Doc. Nos. 104 and 105).

We refused to grant the supplemental motions for summary judgment requesting that the court grant summary judgment based on plaintiff's failure to file timely opposing briefs. Additionally, although plaintiff's motion for extension of time was filed well after the date opposing briefs were due, on March 15, 2010, we granted plaintiff's motion for an extension and allowed fourteen days to file opposing briefs and separate statements of material facts to each motion for summary judgment. In our March 15th order, we warned plaintiff that if plaintiff did not comply with that order, the case would be dismissed. Plaintiff's opposing

briefs and statements of material facts were due March 29, 2010. Plaintiff has not filed opposing briefs and statements of material facts opposing the three motions for summary judgment.

On March 30, 2010, defendants Correction Care, Inc. and Nurse Jane Doe filed separate motions to dismiss for plaintiff's failure to comply with our March 15th order. (Rec. Doc. No. 109 and 110).

As we warned plaintiff in our March 15th order, failure to comply with that order would result in our dismissing the case for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff has not filed opposing briefs and separate statements of material facts. Plaintiff has failed to comply with our March 15th order. As a result, we will grant the motions to dismiss, and will also dismiss the action against the defendants who have not filed a motion to dismiss. (Rec. Doc. Nos. 109 and 110). Accordingly, we will deny the motions for summary judgment as moot. (Rec. Doc. Nos. 70, 72 and 91).

   s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAKIRA STATEN, individually and SHAKIRA STATEN, natural mother of SAMIYAH STATEN, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>LACKAWANNA COUNTY, et. al.<br><br>Defendants | Civil Action No. 4: 07-CV-1329<br><br>(Judge McClure) |

**ORDER**

April 2, 2010

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The action is DISMISSED for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).

2. Defendants' Motions for Involuntary Dismissal are GRANTED. (Rec. Doc. Nos. 109 and 110).

3. Defendants' Motions for Summary Judgment are DENIED as moot. (Rec. Doc. Nos. 70, 72 and 91).

4. Final judgment is entered in favor of defendants and against plaintiff.

5. The clerk is directed to close the case file.

       s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge