IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAKIRA STATEN, individually
and SHAKIRA STATEN, natural
mother of SAMIYAH STATEN,
a minor,

        Plaintiffs,

v.

LACKAWANNA COUNTY, et. al.

        Defendants

Civil Action No. 4: 07-CV-1329

(Judge McClure)

## MEMORANDUM

June 15, 2010

**BACKGROUND:**

On July 23, 2007, Shakira Staten, individually and as the natural mother of Samiyah Staten, a minor, initiated this lawsuit, through counsel, by the filing of a complaint pursuant to 42 U.S.C. § 1983 against defendants: 1) Lackawanna County; 2) Lackawanna County Prison; 3) Warden Janin Donate; 4) Corrections Office John Doe; 5) Corrections Officer Jane Doe One; 6) Corrections Officer Jane Doe Two; 7) Correction Care, Inc.; 8) Dr. Edward Zaloga[1]; and 9) Nurse Jane Doe. Plaintiff alleges that the defendants acted with deliberate indifference to the serious

---

[1] Dr. Zaloga was dismissed as a defendant January 29, 2009.

1

medical needs of both herself and her child with respect to the child's birth in a cell at the Lackawanna County Prison.

On February 1, 2010, defendant Correctional Care, Inc. filed a motion for summary judgment and a separate statement of material facts. (Rec. Doc. Nos. 70 and 71). It filed a supporting brief February 11, 2010. (Rec. Doc. No. 94). Plaintiff's opposing brief was due February 28, 2010. Neither an opposing brief nor a responsive statement of material facts was filed by plaintiff. Correctional Care, Inc. filed a supplemental motion and brief to its motion for summary judgment asserting that its summary judgment motion should be deemed to be unopposed and granted pursuant to Middle District Local Rule 7.6. (Rec. Doc. Nos. 97 and 98).

On February 1, 2010, defendant Nurse Jane Doe filed a motion for summary judgment, supporting brief and a separate statement of material facts. (Rec. Doc. Nos. 72, 81 and 82). Plaintiff's opposing brief was due February 18, 2009. Neither an opposing brief nor a responsive statement of material facts was filed by plaintiff. Nurse Jane Doe filed a supplemental motion and brief to her motion for summary judgment asserting that her summary judgment motion should be deemed to be unopposed and granted pursuant to Middle District Local Rule 7.6. (Rec. Doc. Nos. 99 and 100).

On February 8, 2010, defendants Lackawanna County, Lackawanna County Prison, Warden Janine Donate, Corrections Officer John Doe, and Correction Officers Jane Doe 1 and 2 filed a motion for summary judgment and a separate statement of material facts. (Rec. Doc. Nos. 91 and 92). They filed a supporting brief on February 22, 2010. (Rec. Doc. No. 96). Plaintiff's opposing brief was due March 11, 2010. Neither an opposing brief nor a responsive statement of material facts was filed by plaintiff.

On March 11, 2010, plaintiff filed a motion to extend time to respond to the motions for summary judgment. (Rec. Doc. No. 103). Both Correctional Care, Inc. and Nurse Jane Doe filed oppositions to the motion. (Rec. Doc. Nos. 104 and 105).

We refused to grant the supplemental motions for summary judgment requesting that the court grant summary judgment based on plaintiff's failure to file timely opposing briefs. Additionally, although plaintiff's motion for extension of time was filed well after the date opposing briefs were due, on March 15, 2010, we granted plaintiff's motion for an extension and allowed fourteen days to file opposing briefs and separate statements of material facts to each motion for summary judgment. In our March 15th order, we warned plaintiff that if plaintiff did not comply with that order, the case would be dismissed.

Plaintiff's opposing briefs and statements of material facts were due March 29, 2010. Plaintiff did not file opposing briefs and statements of material facts opposing the three motions for summary judgment. On March 30, 2010, defendants Correction Care, Inc. and Nurse Jane Doe filed separate motions to dismiss for plaintiff's failure to comply with our March 15th order. (Rec. Doc. No. 109 and 110). Because plaintiff did not file opposing briefs and separate statements of material facts and failed to comply with our March 15th order, on April 2, 2010 we granted the motions to dismiss and entered final judgment in favor of all defendants. (Rec. Doc. No. 108 Accordingly, we denied the motions for summary judgment as moot. (Id).

On April 5, 2010, plaintiff filed a "Motion to Open and/or for Reconsideration of Motions for Summary Judgment and Enlargement of Time to File Memorandum." (Rec. Doc. No. 114). Plaintiff did not file a supporting brief as required by Middle District Local Rule 7.10. The respective defendants filed responses and opposing briefs. (Rec. Doc. Nos. 115, 116, 117, 119, 121 and 122). Plaintiff did not file a reply brief.

Now, for the following reasons, we will grant plaintiff's motion for reconsideration. However, on reconsideration, our prior decision stands, and final judgment will not be vacated.

**DISCUSSION:**

Middle District Local Rule 7.10 requires motions for reconsideration to be "accompanied by a supporting brief and filed within fourteen (14) days after the entry of the order concerned." M.D. Pa. L.R. 7.10. Local Rule 7.5 states that if the supporting brief is not timely filed, "the motion shall be deemed to be withdrawn." M.D. Pa. L. R. 7.5. We should, as defendants suggest, deem the motion for consideration to be withdrawn. Nevertheless, we will proceed to consider the motion on its merits.

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court's altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently

misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT & T Nassau Metals Corp., 902 F.Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F.Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va.1983)). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995).

Plaintiff asserts that we should grant the motion to prevent manifest injustice. In plaintiff's (untimely) February 11, 2010 motion, she requested that we grant her until April 15 to file her opposing briefs. We granted plaintiff's motion, but only allowed fourteen days for plaintiff to file her opposing briefs. In the current motion to reconsider, plaintiff's counsel argues that he is a busy solo practitioner and he did not read our order and assumed he had until April 15, 2010 to file his opposing briefs. We will grant the motion for reconsideration and we

will reconsider our entry of final judgement against plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure governs the imposition of sanctions for the failure to comply with a court order. Specifically, if a plaintiff fails to comply with a court order, a defendant may move to dismiss the action and the dismissal acts as an adjudication on the merits.

The Third Circuit has set out a test to determine whether the extreme sanction of default judgment is appropriate. Poulis v. State Farm and Fire Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). This case sets out six factors to consider when deciding whether to enter default judgment as a sanction: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal [or entry of default judgment]; and (6) the meritoriousness of the claim or defense. Id. at 868; see also Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1148 (3d Cir. 1990) (discussing sanctions, Poulis factors, and authority of entering default judgment under Rule 55 for failure to answer or otherwise defend).

The first factor requires the court to determine whether plaintiff herself is responsible for the dilatory conduct. There has been no suggestion by any party

that anyone other than plaintiff's counsel was responsible for the late filings.

The second and third factors require us to examine whether there was prejudice to the multiple defendants by plaintiff's counsel's conduct and the history of dilatoriness. Plaintiff's opposing briefs to both Correctional Care Inc.'s and Nurse Jane Doe's motion for summary judgment were due on March 11. When plaintiff's counsel failed to file briefs opposing summary judgment and responsive statements of material facts, those defendants had to file supplemental motions on the issue of plaintiff's failure to file opposing briefs. Then, although plaintiff's request for an extension of time was late respective to these two aforementioned defendants, we granted an extension of fourteen days. Our order clearly states four times that plaintiff had fourteen days to file opposing briefs and responsive statements of material fact. The order also warns twice that if plaintiff did not comply with the order, the court would grant the summary judgment motions without a merits analysis. Additionally, the ECF summary of the order, which was both emailed to plaintiff and displayed on the docket sheet on the ECF website, also clearly indicates the fourteen day extension with the warning that failure to comply with the order would result in granting all of the motions for summary judgement without a merits analysis. So when, in light of all of this, plaintiff again failed to file the required documents, the attorneys for Correction Care, Inc. and

Nurse Jane Doe, were once again required to expend resources to file motions to dismiss for plaintiff's lack of compliance with our court order. Additionally, this instance was not the first time plaintiff's counsel neglected to file a brief opposing a dispositive motion. Plaintiff's counsel had requested an extension to respond to a motion to dismiss by defendants Zaloga, Corrections Care, Inc. and Nurse Jane Doe, and yet again did not file an opposing brief to the motion, even after the requested extension was granted.

The fourth factor requires us to examine whether the conduct of the attorney was willful or in bad faith. There is no suggestion that the conduct of the attorney was willful or in bad faith.

The fifth factor requires us to look at the effectiveness of other sanctions. We could have imposed on plaintiff's counsel the costs of defendants' briefing. However, we did not do so because of the cumulative effect of the other reasons we have set forth.

Finally, the last factor requires us to look at the meritoriousness of the claim. "A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.3d at 869-870. Although the case survived a (pre-Iqbal) motion to dismiss from two of the defendants, and although

9

the Poulis court indicated that it does "not purport to use summary judgment standards," the case is likely not meritorious at this point. Without delving into a summary judgment analysis, the action most likely cannot continue to proceed as to the John and Jane Doe defendants as fictitious party names "must eventually be dismissed if discovery yields no identities." Atlantic Used Auto Parts v. City of Philadelphia 957 F. Supp. 622, 625 (E.D. Pa. March 7, 1997) (Joyner, J.) Also, a prison is not a person within the meaning of § 1983, so the action would be dismissed as to the Lackawanna County prison. See Fischer v. Cahill 474 F.2d 991, 1992 (3d Cir. 1973). As to Lackawanna County, the Warden and Corrections Care, Inc. there is nothing in the pleadings to establish a pattern of a failure to supervise or train such that the failure amounted to deliberate indifference of the constitutional rights of persons. See generally Woloszyn v. County of Lawrence, 396 F.3d 314 (3d Cir. 2005). As a result, it is doubtful that the claim would survive the motions for summary judgment.

**CONCLUSION:**

Although we are granting the motion for reconsideration, on review of the Poulis factors, we are not vacating our April 2, 2010 order. Final judgment remains against plaintiff and for all defendants.

 s/ James F. McClure, Jr.  
JAMES F. McCLURE, JR.  
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAKIRA STATEN, individually : 
and SHAKIRA STATEN, natural :
mother of SAMIYAH STATEN, :
a minor, :
: Civil Action No. 4: 07-CV-1329
Plaintiffs, :
: (Judge McClure)
v. :
:
LACKAWANNA COUNTY, et. al. :
:
Defendants :

**ORDER**

June 15, 2010

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's "Motion to Open and/or for Reconsideration of Motions for Summary Judgment and Enlargement of Time to File Memorandum" is GRANTED. (Rec. Doc. No. 114).

2. Upon reconsideration we are not vacating our April 2, 2010 order. Final judgment remains against plaintiff and for all defendants.

  s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge